# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

**MANUEL DURAN ORTEGA,**

      **PLAINTIFF,**

**VS.**                                                          **CAUSE NO.:2:19-cv-02206-SHL-dkv**

**CITY OF MEMPHIS, TENNESSEE;**
**SHELBY COUNTY, TENNESSEE;**
**ANDRE PRUITT;**
**JONATHAN GROSS;**
**JOHN DOE 1;**
**JONIQUE HUSSEY;**
**JOHN DOE 2;**
**JOHN DOE 3;**
**JOHN DOE 4;**
**JOHN DOE 5;**
**DEBRA FESSENDEN; and**
**JOHN DOE 6,**

      **DEFENDANTS.**

**JURY TRIAL DEMANDED.**

---

# FIRST AMENDED COMPLAINT

---

Pursuant to Federal Rule of Civil Procedure 15(a)(2), having obtained the written consent of all parties, Plaintiff files this First Amended Complaint and states his causes of action for damages for violation of his rights, privileges and immunities under the First, Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. §1983 as follows:

1

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this lawsuit because at least one count arises under federal law, 42 U.S.C. § 1983. This Court's jurisdiction over such causes and any other causes of action contained herein is proper pursuant to 28 U.S.C. §§1331 and 1367.

2. Venue is proper in the Western District of Tennessee pursuant 28 U.S.C. §1391.

## II. PARTIES

3. Plaintiff Manuel Duran Ortega, at all times relevant, resided in Memphis, Shelby County, Tennessee. At the time of this filing, Plaintiff is being held in detention by the United States Immigration and Customs Enforcement (ICE) at the Etowah Detention Center in Etowah County, Alabama.

4. Defendant City of Memphis, Tennessee, is a municipality located in the State of Tennessee which is responsible for operating the Memphis Police Department, whose officers operate under color of state law. Defendant Memphis may be served with process through its mayor, Jim Strickland at 125 N. Main St., Suite #700, Memphis, TN 38103.

5. Defendant Shelby County, Tennessee, is a county located in the State of Tennessee and is responsible for operating the Shelby County Sheriff's Department, whose officers operate under color of state law. Defendant Shelby County, Tennessee, may be served with process at the Vasco A. Smith, Jr. County Administration Building, 160 N. Main St., Memphis, TN 38103.

6. Defendant Andre Pruitt is believed to be a resident of Shelby County, Tennessee, and reside at 6679 Vinings Creek Cv W, Memphis, TN 38119 and was at all times relevant an officer acting under color of state law with the Memphis Police Department.

7. Defendant Jonathan Gross is believed to be a resident of Shelby County, Tennessee, and was at all times relevant an officer acting under color of state law with the Memphis Police Department.

8. Defendant John Doe 1 is believed to be a resident of Shelby County, Tennessee, and was at all times relevant an officer acting under color of state law with the Memphis Police Department. John Doe 1's true identity is unknown to Plaintiff at the time of the filing of this complaint, and so the fictitious name will be used until such time as John Doe 1's true identity is discovered. It is believed that John Doe 1's first initial is J and that his last name is Knight.

9. Defendant Jonique Hussey is believed to be a resident of Shelby County, Tennessee, living at 1016 Crested Lane, Apt. 202, Cordova, TN 38016, and was at all times relevant an officer acting under color of state law with the Memphis Police Department.

10. Defendant John Doe 2 is believed to be a resident of Shelby County, Tennessee, and was at all times relevant an officer acting under color of state law with the Memphis Police Department. John Doe 2's true identity is unknown to Plaintiff at the time of the filing of this complaint, and so the fictitious name will be used until such time as John Doe 2's true identity is discovered. It is believed that John Doe 2's last name is Ryall.

11. Defendant John Doe 3 is believed to be a resident of Shelby County, Tennessee, and was at all times relevant an officer acting under color of state law with the Memphis Police Department. John Doe 3's true identity is unknown to Plaintiff at the time of the filing of this complaint, and so the fictitious name will be used until such time as John Doe 3's true identity is discovered. It is believed that John Doe 3's last name is Rudolph.

12. Defendant John Doe 4 is believed to be a resident of Shelby County, Tennessee, and was at all times relevant an officer acting under color of state law with the Memphis Police

Department.  John Doe 4's true identity is unknown to Plaintiff at the time of the filing of this complaint, and so the fictitious name will be used until such time as John Doe 4's true identity is discovered.  It is believed that John Doe 4's last name is Brownlee.

13. Defendant John Doe 5 is believed to be a resident of Shelby County, Tennessee, and was at all times relevant an officer acting under color of state law with the Shelby County Sheriff's Department.  John Doe 5's true identity is unknown to Plaintiff at the time of the filing of this complaint, and so the fictitious name will be used until such time as John Doe 5's true identity is discovered.  It is believed that John Doe 5's initials are L.H.

14. Defendant Debra Fessenden is believed to be a resident of Shelby County, Tennessee, and was at all times relevant an officer acting under color of state law with the Shelby County Sheriff's Department.

15. Defendant John Doe 6 is believed to a resident of Shelby County, Tennessee, and was at all times relevant an officer acting under color of state law within the Shelby County Sheriff's Department.  John Doe 6 is believed to be a ranking deputy with authority to make and control Shelby County Sheriff's Department policy governing the honoring of hold requests from the United States Immigration and Customs Enforcement (ICE).

### III. FACTUAL ALLEGATIONS

16. Plaintiff is a 43-year-old journalist who fled to the United States of America in 2006 after his life was threatened in his home country of El Salvador.

17. On April 3, 2018, Plaintiff was working as a journalist covering MLK50, an event in Memphis, Tennessee, commemorating the fiftieth anniversary of the assassination of Martin Luther King, Jr.  The demonstration that Plaintiff was covering was specifically protesting Memphis and Shelby County law enforcement officials' actions in detaining immigrants for the

purpose of turning them over to the custody of United States Immigration and Customs Enforcement.

18. During the demonstration Defendants Pruitt, Gross, John Doe 1 and Hussey placed Plaintiff under arrest for disorderly conduct and obstructing a highway.

19. Plaintiff had done nothing which could reasonably have been construed as a criminal offense at the time he was arrested.

20. Prior to his arrest, Plaintiff had been publicly critical in his reporting on the treatment of immigrants by Shelby County and Memphis local law enforcement officials, specifically local law enforcement's cooperation with ICE as well as its handling of the incident that resulted in the body of Bardomiano Perez-Hernandez being left in a van in an MPD impound lot for 49 days without discovery.

21. Defendants John Doe 2, John Doe 3, and John Doe 4 had contacted Plaintiff about removing articles which were critical of local law enforcement's treatment of immigrants in Memphis and Shelby County.

22. Defendant City of Memphis, Pruitt, Gross, John Doe 1 and Hussey selected Plaintiff for arrest despite his doing nothing that could reasonably have been construed as a criminal offense in retaliation for his reporting that was critical of MPD and Shelby County Sheriff's Department law enforcement towards and treatment of Latino and immigrant residents. Plaintiff wore a placard that identified him as a reporter, and members of the public expressly informed Defendants City of Memphis, Pruitt, Gross, John Doe 1 and Hussey that Plaintiff was a member of the press. Nevertheless, Defendants City of Memphis, Pruitt, Gross, John Doe 1 and Hussey persisted in the unlawful arrest of Plaintiff.

23. Though Plaintiff posted bond, and though the charges of disorderly conduct and obstructing a highway were dropped, Plaintiff's detainment by Shelby County continued until ICE officials arrived and took Plaintiff into their custody.

24. Defendants Shelby County, Tennessee, John Doe 5, Fessenden, and John Doe 6 refused to release Plaintiff in retaliation for Plaintiff's reporting critical of local law enforcement. Upon information and belief, Defendants Shelby County, Tennessee, John Doe 5, Fessenden, and John Doe 6 refused to release and continued to detain Plaintiff pursuant to an ICE request, despite Shelby County policy to the contrary, in coordination with Defendants City of Memphis, Pruitt, Gross, John Doe 1, John Doe 2, John Doe 3, John Doe 4, or Hussey.

25. Defendants Shelby County, Tennessee, John Doe 5, Fessenden, and John Doe 6 released other individuals arrested at the same time as Plaintiff and on the same charges, including Keedran Franklin, Bill Stegall, Yuleiny Escobar, Spencer Kaaz, Ambra Cathey, Zyanya Cruz, and Elizabeth Vega, after they posted bond because none of those individuals had previously engaged in reporting critical of local law enforcement.

### IV. CAUSES OF ACTION

26. The actions of the individual defendants, as described above, were objectively unreasonable in light of Plaintiff's clearly established constitutional rights. Defendants were at all times acting under color of state law.

27. Plaintiff's arrest was without probable cause, violating his right to be free from an arrest without probable cause under the Fourth Amendment to the United States Constitution.

28. Plaintiff's arrest was nothing more than the result of retaliatory animus on the part of the defendants for Plaintiff's exercise of his right to free speech and freedom of the press under the First Amendment to the United States Constitution.

29. Following his unlawful arrest, Plaintiff was held in custody even after his bond was posted in violation of his rights to be free from unreasonable seizure and to due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

30. Each individual defendant witnessed other individual defendants' wrongful conduct and/or directly participated such wrongful conduct and did nothing to stop or correct any of the obviously unreasonable actions.

31. Upon information and belief, Defendant City of Memphis has a practice of using law enforcement officers, including the Memphis Police Department's Gang Unit, to target activists and other individuals within the city who are publicly critical of city policies and practices, and particularly, those who are critical of law enforcement.  Upon information and belief, it was pursuant to this practice that Plaintiff was arrested when other similarly situated individuals who did not have reputations for being outspoken against the city's law enforcement were not arrested.

32. Defendants City of Memphis's and Shelby County's polices, customs, practices, and actions constitute suppression of Plaintiff's rights as a member of the press and unlawful retaliation against Plaintiff in violation of Plaintiff's rights under the First Amendment to the United States Constitution.

33. Defendant City of Memphis's policies, customs, practices, and actions resulting in the arrest of Plaintiff without probable cause, constitute a violation of Plaintiff's right to be free from an arrest without probable cause under the Fourth Amendment to the United States Constitution.

34. Defendant Shelby County's policies, customs, practices, and actions resulting in detaining Plaintiff in custody even after his bond was posted constitutes a violation of his rights

to due process of law and to be free from the unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

35. Upon information and belief, Defendant City of Memphis's policies, customs, practices, and actions to request that Shelby County continue to hold Plaintiff in custody even after his bond was posted constitutes a violation of his rights to be free from unreasonable seizure and to due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

36. Under 42 U.S.C. § 1983, Plaintiff is entitled to recover damages from all defendants resulting from the violation of his clearly established constitutional rights as detailed above.

37. Under 42 U.S.C. § 1988, Plaintiff is further entitled to recover attorney fees, costs, and expenses accumulated during the prosecution of this action.

38. Plaintiff is further entitled to recover punitive damages against the individual defendants as a result of their wrongful, willful, gross, and oppressive conduct.

## V. DAMAGES

39. As a result of the conduct of the defendants, as described above, Plaintiff has suffered, continues to suffer, and will continue to suffer for the foreseeable future, loss of wages and opportunity to earn, physical pain and suffering and loss of enjoyment of life, and emotional and mental distress, including fear, humiliation, defamation of character, and embarrassment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against the defendants, jointly and severally, for compensatory damages and punitive damages, as well as attorney fees, costs, expenses, the amounts of which to be shown at trial, and for all other such relief, both general and specific, available to Plaintiff under law.

Respectfully submitted, this the 25th day of June, 2019.

BY: s/ Brandon Flechas  /s/ Bryce W. Ashby
BRANDON FLECHAS (MSB#102283)  Donald A. Donati (BPR # 8633)
PHILIP A. STROUD (MSB# 99401)  Bryce W. Ashby (BPR # 26179)
THE STROUD LAW FIRM, P.C.  DONATI LAW, PLLC
5779 Getwell Road, Suite C-1  1545 Union Avenue
Southaven, MS 38672  Memphis, TN 38104
Tel. (662)536-5656  (901) 278-1004 (Tel)
Fax (662)536-5657  (901) 278-3111 (Fax)
brandon@stroudlawyers.com  bryce@donatilaw.com
philip@stroudlawyers.com  don@donatilaw.com
*Attorneys for Plaintiff*

**PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL ON ALL COUNTS.**