# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

**MANUEL DURAN ORTEGA,**

      **PLAINTIFF,**

VS.                                       **CAUSE NO.:2:19-cv-02206-SHL-dkv**

**CITY OF MEMPHIS, TENNESSEE;**
**SHELBY COUNTY, TENNESSEE;**
**ANDRE PRUITT;**
**JONATHAN GROSS;**
**JOHN DOE 1;**
**JONIQUE HUSSEY;**
**JOHN DOE 2;**
**JOHN DOE 3;**
**JOHN DOE 4;**
**JOHN DOE 5;**
**DEBRA FESSENDEN; and**
**JOHN DOE 6,**

      **DEFENDANTS.**

---

## PLAINTIFF'S RESPONSE TO
## ANDRE PRUITT'S MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Manuel Duran Ortega files this memorandum supporting his response to Defendant Andre Pruitt's motion for summary judgment and states as follows:

### I. PROCEDURAL HISTORY

Plaintiff's original complaint was filed on April 1, 2019. (Doc. 1). With consent of all parties, Plaintiff filed a First Amended Complaint on June 25, 2019. (Doc. 40). Defendant Pruitt filed his answer to the First Amended Complaint on July 2, 2019. (Doc. 43). Defendant Pruitt filed his motion for summary judgment on August 16, 2019. (Doc. 56).

1

## II. RELEVANT FACTS

On April 3, 2018, Plaintiff was working as a journalist, covering a demonstration taking place in Memphis, Tennessee, during the event known as MLK50, which commemorated the fiftieth anniversary of the assassination of Dr. Martin Luther King, Jr. The demonstration being covered by Plaintiff was specifically protesting the treatment of immigrants by Memphis and Shelby County law enforcement. During the protest, there were journalists filming and photographing all around the area, just as Plaintiff was doing. While Plaintiff was filming, an officer with the Memphis Police Department approached Plaintiff and told him to "get out of the street." Plaintiff continued filming while attempting to follow the officer's orders to "get out of the street." A Caucasian man standing directly beside Plaintiff told the officer "We're going. We're going together." The same officer then told Plaintiff to "get on the sidewalk." Literally two seconds after telling Plaintiff to get on the sidewalk, Plaintiff's arrest was ordered. Upon information and belief, the Caucasian man, who was still standing next to Plaintiff, was not arrested.

There is no doubt that Andre Pruitt was present at the time of Plaintiff's arrest. Pruitt admits as much. However, Pruitt states that he did not participate in Plaintiff's arrest in any meaningful way, and as such is entitled to summary judgment. Pruitt's assertion is disputed by another officer's account of the event. Detective Joseph Knight[1] provided a narrative report of the events of April 3, 2018, in which he stated in part, "Lt. Poindexter then instructed me to take Defendant Duran into custody. Lt. Pruitt advised Det. J. Harkness to also take Duran into custody." (See Exhibit A, Narrative of Det. J. Knight). Jonathan Harkness, in his narrative, also stated that Pruitt told him to take Duran into custody. (See Exhibit B, Narrative of Det. J.

---

[1] Plaintiff has filed a motion for leave to amend his complaint, and substituting Joseph Knight for the individual defendant originally designated as "John Doe 1" is one of the amendments Plaintiff hopes to make.

Harkness).  These narrative reports create a genuine dispute of material fact as to whether Pruitt ordered Plaintiff's arrest.

Pruitt claims that he only directed another officer, presumably Det. Harkness, to assist Plaintiff's arresting officer, presumably Joseph Knight, by separating two protesters who were attempting to interfere in Plaintiff's arrest. (See Doc. 56-2, #6 and #7).  However, it is clear in the narrative reports of Knight and Harkness that Pruitt's order to arrest Plaintiff came before the interference from the protesters began to occur.  Harkness stated, "Lt. Pruitt advised me to also take Duran into custody.  Defendant Duran was standing in the East bound [sic] lane approximately 15 feet from the curb.  As I began to assist Det. J. Knight in the arrest of Defendant Duran, several females (including Def. Zyanya Cruz) attempted to free him by pulling him and holding on to [sic] him." (Exhibit B).  Knight also makes clear that the arrest order from Pruitt came before the interference. (Exhibit A).

### III. ARGUMENT

*A. Summary Judgment Standard:*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The court must view facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant." *Id.*

The Sixth Circuit in *Moore v. Shelby County* held that "the general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity

for discovery." *Moore v. Shelby Cty.*, 718 F. App'x 315, 319 (6th Cir. 2017) (quoting *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996)).

    *B. Qualified Immunity:*

Qualified immunity shields a government official from civil damages if the conduct of the government official does not violate a clearly established constitutional right. *Poe v. Hayden*, 853 F.2d 418, 423 (6th Cir. 1988). Here, Defendant Pruitt does not argue that the rights which Plaintiff claims were violated were not clearly established at the time of his arrest[2], and neither does he argue that there was in fact probable cause for Plaintiff's arrest or that his arrest was not in retaliation for speech protected by the First Amendment. Rather, Defendant Pruitt's argument focuses entirely on his conduct and his knowledge, specifically his allegation that he did not arrest Plaintiff and that he had no knowledge of Plaintiff's status as a journalist. Therefore, Plaintiff will not belabor the points not argued by Defendant Pruitt and will instead respond only to the arguments made by Defendant Pruitt.

    *C. Need for additional discovery:*

There are disputed material fact which defeat Pruitt's summary judgment motion. However, before Plaintiff can fully respond to Pruitt's motion on all counts, additional discovery is necessary. The Sixth Circuit in *Moore v. Shelby County* held that "the general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Moore*, 718 F. App'x at 319. An exception to this rule can be when a qualified immunity defense is raised. Here, however, Pruitt does not raise a true qualified immunity defense. Instead, he challenges whether he was factually involved in the constitutional violations, not the existence of the constitutional rights or violations of those rights. In such

---

[2] Obviously, the right to be free from an arrest unsupported by probable cause and the right not to be arrested in retaliation for speech or as a member of the press protected by the First Amendment are clearly established.

factual challenges, "[c]ommon sense dictates that before a district court tests a party's evidence, the party should have the opportunity to develop and discover the evidence." *Id.* at 320. Therefore, Plaintiff should be allowed to engage in discovery and this motion should be held in abeyance until that discovery is complete.

    *D. Pruitt ordered Plaintiff's arrest:*

Viewing the record in the light most favorable to Plaintiff, as required at the summary judgment stage, requires this court to accept the statements in Harkness's and Knight's narrative reports regarding Pruitt's involvement in Plaintiff's arrest as true. The narrative reports appear to have been prepared on April 6, 2018, just three days after the events, when the recollection of the reporting officers would have been much clearer. Pruitt's statement attached to his motion for summary judgment was presumably crafted for this litigation, and specifically for the purpose of achieving summary judgment in favor of him. Certainly, a lieutenant ordering a detective to arrest an individual is active participation in that individual's arrest. As such, there are disputed facts as to whether Pruitt participated in Plaintiff's arrest, and summary judgment is precluded.

    *E. Plaintiff's First Amendment claim:*

Defendant Pruitt claims that he did not violate Plaintiff's First Amendment rights because he did not know who Plaintiff was and he did not know of his negative reporting on Memphis area law enforcement. Finding for Defendant Pruitt on this claim would require the Court to simply accept bare assertions from a summary judgment movant as true. Pruitt has not been deposed by Plaintiff's Counsel and has answered no written discovery. Even as the record stands, there are disputed issues of material fact that preclude summary judgment on this claim. For example, Defendant Pruitt claims not to have known that Plaintiff "purported to be journalist." (Doc. 56-2, p. 2). However, it is clear that Plaintiff was wearing a press pass at the

time of his arrest. (See Doc. 62-3 and 62-4).  Clearly this should have put Pruitt on notice, if he was not on notice before, that Plaintiff was a member of the press.  There are far too many disputes and unanswered questions for summary judgment to be appropriate at this juncture.

 *F.  Fourteenth Amendment*

 Plaintiff does not assert a Fourteenth Amendment claim against Andre Pruitt.

 WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Court deny Andre Pruitt's motion for summary judgment, or in the alternative, allow time for discovery so that all issues and questions of fact may be more thoroughly addressed.

        Respectfully Submitted,

        /s/Brandon Flechas
        Brandon Flechas (Ms. Bar No. 102283)
        THE STROUD LAW FIRM, P.C.
        5779 Getwell Road, Ste. C-1
        Southaven, Mississippi 38672
        Telephone: (662) 536-5656
        brandon@stroudlawyers.com

        &

        Bryce W. Ashby (TN Bar No. 026179)
        DONATI LAW, PLLC
        1545 Union Ave.
        Memphis, TN 38104
        Telephone: 901-278-1004
        Facsimile: 901-278-3111
        bryce@donatilaw.com

        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that the following counsel for defendants have been served with the foregoing document via the Court's ECF system on this the 13th day of September, 2019.

                                                                        /s/Brandon Flechas